ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| **EL PUEBLO DE PUERTO RICO**<br><br>Recurrido<br><br>v.<br><br>**ISAAC XAVIER AYALA POTEN**<br><br>Peticionario | TA2026CE00044 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Crim. Núm.:<br>**A VI2022G0006**<br><br>Sobre:<br>Art. 95, Homicidio |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 26 de enero de 2026.

Comparece ante nos, por derecho propio y como indigente, Isaac Xavier Ayala Poten (Ayala Poten o peticionario), quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación en la Institución Correccional Bayamón 501. Solicita que revisemos la *Orden* dictada el 18 de noviembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI). Mediante la misma, el TPI declaró *No Ha Lugar* la solicitud de reducción de sentencia presentada por el peticionario.

Por los fundamentos que expresamos a continuación, se deniega la expedición del auto de *certiorari* solicitado.

**I.**

Según surge del expediente, Ayala Poten fue sentenciado el 31 de mayo de 2024 por violaciones a la *Ley de Armas de Puerto Rico de 2020* y al *Código Penal de Puerto Rico de 2012*.

A finales del 2025, Ayala Poten instó ante el TPI una moción al amparo de la Ley Núm. 50 del 15 de mayo de 2020, en la cual requirió que se modificara la sentencia que extingue y se redujera en un 50%. En respuesta, el 18 de noviembre de 2025, el foro de

instancia emitió el dictamen que hoy revisamos, por medio del cual denegó el petitorio de reducción de sentencia.

En desacuerdo, Ayala Poten acude ante nos mediante el recurso de referencia. En su escueto escrito, aunque no incluyó señalamiento de error alguno, solicita que ordenemos la modificación de su sentencia, al palio de la Ley Núm. 50-2020.

A tenor con la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), este Foro puede "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho...". Ante ello, prescindimos de la comparecencia del Pueblo de Puerto Rico, por conducto de la Oficina del Procurador General.

**II.**

**A.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Pueblo v. Román Feliciano*, 181 DPR 679, 684-690 (2011).[1]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso

---

[1] Véase, además, *León v. Rest. El Tropical*, 154 DPR 249 (2001).

constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, supra, págs. 59-60.[2] En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

---

[2] Véase, además, *IG Builders et al. v. BBVAPR,* 185 DPR 307, 339 (2012).

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**B.**

La Ley Núm. 50-2020 enmendó la Regla 185 inciso (c) de las Reglas de Procedimiento Criminal de 1963, según enmendadas, 34 LPRA Ap. II, R. 185. Ello, a los fines de permitir que se modifique la sentencia más allá de la mitad de la pena establecida; disponer los criterios a considerarse cuando el Ministerio Público presente una solicitud de modificación de sentencia; y para otros asuntos relacionados.

Con el objetivo de incentivar de forma adecuada la cooperación de los testigos que deciden participar activamente en el procesamiento criminal de otra persona, y estimando el valor y calidad de la información suministrada, se realizó esta enmienda para eliminar aquella parte de la Regla 185(c) de Procedimiento Criminal que limitaba la modificación de la pena establecida. Por consiguiente, en casos de colaboración sustancial de un participante-convicto, se permite, **a solicitud del Ministerio Público** y con el aval del Tribunal, modificar la sentencia condenatoria impuesta en su contra, a menos de la mitad. Exposición de Motivos de la Ley Núm. 50-2020. (Énfasis nuestro).

En virtud de la enmienda concernida, el inciso (c) de la Regla 185 de Procedimiento Criminal, *supra*, lee como sigue:

[…]

(c) Modificación de Sentencia-

**El Tribunal podrá modificar, a solicitud por escrito del Ministerio Público, previa autorización del Jefe de Fiscales en consulta con el Secretario de Justicia**, una sentencia de reclusión cuando el convicto coopere en una investigación o procesamiento criminal, en cumplimiento con el Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011

y con los requisitos del Artículo 11 del Código Penal de Puerto Rico.

El Ministerio Público velará porque se dé cumplimiento a la Ley Núm. 22 de 22 de abril de 1988, según enmendada, conocida como la "Carta de Derechos de las Víctimas y Testigos de Delito" y la Ley Núm. 77 de 9 de julio de 1986, según enmendada. Al modificar y fijar la sentencia bajo este inciso, el tribunal tomará en consideración, entre otros factores, la naturaleza, alcance y utilidad de la asistencia brindada por el convicto-cooperador, según fue informada por el Ministerio Público, así como la suficiencia y veracidad de la información ofrecida. De igual modo, el foro sentenciador deberá considerar el riesgo de muerte o de daños a la integridad física al que quedaría expuesto el convicto participante o su familia por la información ofrecida y su cooperación en la investigación o procesamiento criminal. Además, se deberá tener en consideración, los ajustes del confinado dentro del cumplimiento de su sentencia a través de su plan institucional y la realización de una evaluación sicológica del confinado.

El tribunal considerará la solicitud durante una vista privada y el expediente relacionado a dicha vista permanecerá sellado e inaccesible al público, de forma tal que se salvaguarde la seguridad del informante y la confidencialidad de la investigación. (Énfasis nuestro).

### III.

Ayala Poten argumenta que procede la reducción de su sentencia en un 50%, toda vez que colaboró de manera sustancial con las autoridades en un caso de asesinato. En específico, aduce que se logró la convicción de tres (3) personas debido a su colaboración. Añade que dicha cooperación ha sido reconocida por las autoridades correspondientes, por lo que, a su entender, se cumplen los requisitos para acogerse a los beneficios de la Ley Núm. 50-2020. Así, nos invita a considerar su caso y ordenar la reducción solicitada.

Según expuesto, por virtud de la Ley Núm. 50-2020, los tribunales pueden modificar una sentencia condenatoria impuesta a menos de la mitad cuando la persona convicta ha colaborado sustancialmente con las autoridades. Ahora bien, de la referida Ley se desprende fehacientemente que la posible modificación se debe iniciar con una solicitud por escrito presentada por el Ministerio

Público. Es decir, para la aplicación de la Ley Núm. 50-2020 a una sentencia en particular, es el Ministerio Público quien únicamente puede solicitarla, previa autorización del Jefe de Fiscales en consulta con el Secretario de Justicia. Solo así el Tribunal podrá modificar una sentencia de reclusión cuando el convicto coopere en una investigación o procesamiento criminal, en cumplimiento con el Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011 y con los requisitos del Artículo 11 del Código Penal de Puerto Rico. Del expediente del caso de autos no surge que el Ministerio Público haya presentado ante el foro *a quo* una solicitud a tales efectos.

En suma, no encontramos justo motivo para alterar, como pretende Ayala Poten, la determinación que hizo el TPI. Esta fue correcta en derecho y no presenta indicios de prejuicio, parcialidad o error craso o manifiesto.

**IV.**

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones